UNITED STATES of America,
Appellee,

v.

Kingsley BERNARD, Defendant–
Appellant.

Docket No. 05–0222–CR.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Stanley L. Cohen, New York, NY, (Robert L. Moore, West Hempstead, NY), for Appellant, of counsel.

Todd R. Harrison, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Emily Berger, Assistant United States Attorney, on the briefs), Eastern District of New York, for Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. WILFRED FEINBERG, and Hon. CHESTER J. STRAUB, Circuit Judges.

SUMMARY ORDER

Defendant-appellant Kingsley Bernard appeals from a January 11, 2005, judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ) convicting him, after jury-trial, of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C.

§ 1951; attempted robbery in violation of 18 U.S.C. § 1951; using and carrying a firearm during and in relation to the substantive crimes of violence in violation of 18 U.S.C. § 924(c); and using a firearm to commit murder in violation of 18 U.S.C. § 924(j). The district court sentenced Bernard to life plus 30 years' imprisonment, followed by five years' supervised release, and to a special assessment of $600.00.

On appeal, Bernard argues that (1) the government did not sufficiently prove the interstate commerce element of the substantive offenses under the Hobbs Act; (2) the government committed prosecutorial misconduct in its rebuttal summation; and (3) the trial judge's comments to a juror during the trial were sufficiently prejudicial to require reversal of his conviction. We assume familiarity with the facts and the procedural history.

We review a sufficiency of the evidence challenge "in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of witnesses' credibility." *United States v. Fabian*, 312 F.3d 550, 553 (2d Cir.2002) (citation and internal quotations omitted). Our review of the record indicates the government presented evidence sufficient to meet its "de minimis" burden under the Hobbs Act's interstate commerce element. *United States v. Arena*, 180 F.3d 380, 389 (2d Cir.1999). Our decision in *Fabian* controls.

█ Because Bernard "did not object at trial to the prosecutor's remarks that he now challenges, we must reject his claim unless it, *inter alia*, 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Carr*, 424 F.3d 213, 227 (2d Cir.2005) (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d

718 (1997)). The statements must amount to "'flagrant abuse,'" *id.* (quoting *United States v. Zichettello*, 208 F.3d 72, 103 (2d Cir.2000)), causing "'substantial prejudice,'" *id.* (quoting *United States v. Bautista*, 23 F.3d 726, 732 (2d Cir.1994)). Based on our review of the record below, we can find no error—let alone error that rises to the level of substantial prejudice. The prosecutor was permitted to respond to defense counsel's allusions of impropriety directed at the government and its witnesses. *United States v. LaSorsa*, 480 F.2d 522, 526 (2d Cir.1973); *see also United States v. Thai*, 29 F.3d 785, 807 (2d Cir.1994).

█ Finally, we consider Bernard's contention that the trial judge's comments to a juror, who had submitted a letter to the court recounting ambiguous fears that she was experiencing, deprived him of his rights to an impartial jury and to be present at all critical stages of the proceedings. We find no error in the way the district judge proceeded in handling the matter.

We have considered Bernard's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.